THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY URCEL JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>        Defendant. | CASE NO. C13-1728-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler (Dkt. No. 29), and the objections and response thereto (Dkt. Nos. 30, 32). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation for the reasons explained herein.

Plaintiff's first objection to the Report and Recommendation is that the Magistrate Judge misperceived Plaintiff's argument related to the evidence before the Appeals Council. Plaintiff argues that the Commissioner erred by providing an incomplete Administrative Record because the record should have included all evidence submitted to the Appeals Council. (Dkt. No. 30 at 3.) Plaintiff contends: "[T]he [Ninth Circuit has] explicitly stated that when determining whether the Commissioner's decision is supported by substantial evidence, the Court must consider new evidence submitted for the first time to the Appeals Council *so long as the evidence relates to the*

ORDER
PAGE - 1

*period on or before the Administrative Law Judge's decision.*" (Dkt. No. 30 at 6 (citing *Brewes*, 682 F.3d at 1159 (emphasis in Plaintiff's brief)).) But Plaintiff's characterization misstates the holding in *Brewes*. The *Brewes* court wrote: "We hold that when a claimant submits evidence for the first time to the Appeals Council, *which considers that evidence in denying review of the ALJ's decision*, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159–60 (emphasis added); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (considering additional material submitted to the Appeals Council because the Appeals Council had considered the additional material and had concluded it provided no basis for overturning the ALJ). In this case, Plaintiff's alleged error relates to evidence that the Appeal Council did not consider and that did not affect its decision. (Dkt. No. 29 at 7.) The majority of Plaintiff's objections to the Report and Recommendation flow from Plaintiff's interpretation and application of *Brewes*, and the Court therefore finds them unpersuasive.

The Court also disagrees with Plaintiff's interpretation of 20 C.F.R. § 404.970(b), which reads in part: "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." Plaintiff reads this regulation as requiring the Appeals Council to accept all evidence that relates to the period on or before the date of the ALJ's decision. (Dkt. No. 30 at 6.) In other words, Plaintiff argues that this regulation defines materiality in terms of the time period to which evidence relates. (Dkt. No. 28 at 3–4.) The Court, however, agrees with the Magistrate Judge that this regulation is better read as establishing materiality as a separate requirement: evidence must be new, material, *and* relate to the relevant time period. (Dkt. No. 29 at 8–9.) Plaintiff provides no reasoning that undermines the Magistrate Judge's sensible and well-reasoned interpretation of this regulation, which is supported in case law. *See, e.g.*, *Whitney v. Astrue*, 668 F.3d 1004 (8th Cir. 2012).

1       Finally, the Court agrees with the Magistrate Judge's thorough analysis of the ALJ's
conclusions concerning the RFC and finds no need to reassess them in light of Plaintiff's
objections. (Dkt. No. 29 at 15–17.) Accordingly, the Court hereby ORDERS:

      (1) The Court ADOPTS the Report and Recommendation;

      (2) The Court AFFIRMS the decision of the Commissioner; and

      (3) The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

DATED this 30th day of September 2014.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3